IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALEJANDRO CASTRO-LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER<br><br><br><br>Case No. 2:10 CV 976 TC |

Alejandro Castro-Lopez pled guilty to one count of possession with intent to distribute heroine, a violation of 21 U.S.C. § 841(a)(1). On September 30, 2009, the court sentenced him to 120 months in custody to be followed by 60 months of supervision. Mr. Castro-Lopez filed a petition under 28 U.S.C. § 2255. He claims that he received ineffective assistance of counsel because his attorney failed to challenge incriminatory statements on the ground that they were obtained without the proper Miranda warnings, and that, as a result of those statements, the government requested a firearm enhancement at sentencing. Mr. Castro-Lopez asks for "[a]n evidentiary hearing, and thereafter, a new sentence without considering the involvement of the firearm, and considering the application of the safety valve." (Mot. under 28 U.S.C. § 2255, Dkt. No. 1, at 14.)

At the time Mr. Castro-Lopez pled guilty, he waived his right to collaterally attack his sentence under § 2255. Specifically, the following waiver appears in his signed Statement in

Advance of Plea of Guilty:

> I . . . knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Statement of Def. in Advance of Plea of Guilty, Case No. 2:08-cr-00747, Dkt. No. 32 at ¶ 12 (A)(2)(b).)

Mr. Castro-Lopez is not attacking the validity of his plea agreement, the proceedings leading up to entry of his guilty plea, or the waiver in his Statement in Advance of Plea of Guilty. What he is claiming is that he received ineffective assistance of counsel, and that, as a result of this ineffective assistance, he received a longer sentence. To determine whether Mr. Castro-Lopez's plea agreement precludes his ineffective assistance of counsel claim, the court applies the three-part analysis set forth in United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004).

First, the court must determine whether Mr. Castro-Lopez's claims fall within the plain terms of his plea agreement's waiver provision. Mr. Castro-Lopez has brought a § 2255 motion to collaterally challenge his sentence. But his plea agreement expressly states that he "waive[s his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion." (Statement of Def. in Advance of Plea of Guilty, Case No. 2:08-cr-00747, Dkt. No. 32 at ¶ 12 (A)(2)(b).) Accordingly, Mr. Castro-Lopez's claims fall within the plain terms of the waiver provision.

Second, the court must evaluate whether Mr. Castro-Lopez knowingly and voluntarily agreed to the waiver. It is the court's unwavering practice to ask a defendant whether he is entering into a plea agreement voluntarily, and whether he understands each right he is giving up

by pleading guilty. The court asked Mr. Castro-Lopez these questions at the change of plea hearing, and he confirmed that he was entering into the plea agreement voluntarily and that he understood that he was giving up his right to collaterally challenge his sentence. Further, by signing the Statement by Defendant in Advance of Plea of Guilty, Mr. Castro-Lopez confirmed that he "knowingly, voluntarily, and expressly" agreed to the waiver provision. The court is therefore satisfied that Mr. Castro-Lopez knowingly and voluntarily agreed to the waiver.

Finally, the court must determine whether enforcing Mr. Castro-Lopez's plea agreement would result in a miscarriage of justice. Mr. Castro-Lopez has failed to demonstrate that his counsel's alleged errors prejudiced him. And Mr. Castro-Lopez has made no showing that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In fact, Mr. Castro-Lopez asks only for a new sentence that does not consider the involvement of a firearm.[1] But police found a firearm on a shelf in Mr. Castro-Lopez's bedroom closet, next to a receipt with Mr. Castro-Lopez's name on it. On the same shelf was a notebook with names and numbers, which appeared to be "pay/owe sheets." Even without considering Mr. Castro-Lopez's incriminating statements regarding the firearm, the court would have had sufficient evidence to infer that Mr. Castro-Lopez "possess[ed] a firearm . . . in connection with the offense," rendering him ineligible for the protection of the safety valve. See 18 U.S.C. §

---

[1] Although Mr. Castro-Lopez's sentence is 120 months, the statutory minimum for the offense he pled guilty to, see 21 U.S.C. § 841(b)(1)(A), he claims that had no firearm been involved he would have ben eligible for a downward departure from the statutory minimum under the "safety valve," 18 U.S.C. § 3553(f).

3553(f)(2). Because Mr. Castro-Lopez has provided no evidence that his counsel's alleged errors prejudiced him, enforcing the plea agreement would not result in a miscarriage of justice.

Mr. Castro-Lopez also requests permission to file a supplemental memorandum in support of his § 2255 petition. But an additional memorandum in support of the petition would not change the court's analysis, as set forth above.

## ORDER

Accordingly, Mr. Castro-Lopez's § 2255 petition (Dkt. No. 1), and his motion to file a supplemental memorandum (Dkt. No. 2) are DENIED.

DATED this 29th day of November, 2010.

BY THE COURT:

TENA CAMPBELL
Chief Judge